We'll hear argument next in Plotch v. Wells Fargo, 18-380 and 18-2292. Thank you, Victor. Please proceed. Good morning, Your Honors. Jeffrey Greilsheimer of Foxhorn & Camerini for Adam Plotch. This is a case arising as a result of a purchase of a condominium through a judicial foreclosure. And the claim is that the recorded mortgage and a record mortgage, a recorded SEMA, an agreement to consolidate, extend, and change interest rates, were not properly acknowledged in the documents that were recorded in the city register. And how is the acknowledgment inappropriate? The acknowledgment is missing all of the information that is required to be put there by the notary public. What do you say to the Section 137 of the Executive Law that says that those don't reach the validity of the document? Two parts to that question, Judge. The first one is, if you look at how courts have considered the complete absence of a notary's information, Which case is your best case? South Point v. John from the Second Department in 2016. Isn't that like with regard to a false signing or something? No. It doesn't go to the absence of the notary's stamp, does it? That case was a situation where the affidavit was missing all of the notary's information, and the court rejected the affidavit because of that deficiency. That was an affidavit offered in court, right? Yes. So you say that that then speaks to the adequacy of the acknowledgment with regard to the recording of the document? Yes. So it's a situation where the stamp from the notary was completely missing, and the court rejected the concept that because of that deficiency it could still be valid. The court rejected it as being invalid because that was missing. Was the signing a bit touch inconsistent with the plain language of Section 137 of the statute? There is a small inconsistency there. The courts that have applied that language in Section 137, and my adversaries have pointed out several of them. This was an affidavit of service, right, in the Apollo Division case? South Point, yes. I believe it was. Okay. Go ahead. Those cases, you have an example if you take the Bernie against Bosworth case. There was a . . . You're also content that because the notary's signature was illegible that that goes to the legitimacy of it, too? That was actually one of the issues that was noted in South Point. You know, it reminds me of my fifth grade teacher, Ms. Blank, who told me I'd never amount to anything because she couldn't read my handwriting, and you still can't read my signature. I was a lawyer. I practiced law for twelve, thirteen years before I was fortunate enough to go to the trial bench. Do you think every one of my attestations or my acknowledgements was inappropriate? Merely because your signature can't be read? Because my signature was illogical? No. It used to upset my grandmother greatly. No, Judge. I think there's a combination of factors here, which is you cannot determine from a couple of stray lines, circles, however you want to describe the illegible signature here, whether or not the person who actually signed that was a notary, what their identification was, whether . . . Did the notary's identity become apparent with regard to the tax affidavit? The notary does . . . The notary's stamp does appear on the 255 affidavit. The 255 affidavit is not part of the SEMA and is not part of the mortgage. It's a separate document. It's not part of the acknowledgment that's required to be recorded with the SEMA and with the mortgage. This becomes really an opportunity for deviltry with regard to the legitimacy of the recording of mortgages, doesn't it? Is that exactly what 137 tries to avoid? No. In other words, it says the notary forgets to put his or her stamp on the acknowledgment with regard to the signatures on the bond and the mortgage. That doesn't go to the validity of the bond and the mortgage. Isn't that what 137 says? That is what 137 says. So every single mortgage that's recorded, then the county clerk ought to make sure that in the hundreds of thousands of mortgages that are recorded annually in the state of New York, that county clerks should police whether the notary's stamp, my commission expires on X date. My commission is the county of Livingston. My commission expires on X date. That the county clerk should be policing those? Yes. The documents that are recorded should be accurate. Those are the keys to the kingdom and the legitimacy of the mortgage. Is that it? It is not that in its entirety. Doesn't that sound like form over substance to you? It is absolutely form. And this is an area of the law. Where formalities are required for a reason. And the court of appeals. Why then 137? What did the legislature do? Why did the legislature do that? Because that deals with. What does that mean? What does 137 mean? If I can go back to the Bernie against Bosworth case that I had started with. It's a situation where dates included by a notary weren't legible. But the rest of the information was there. Or there's some other technical defect. That shows up in the notarization. But you can still determine that yes, in fact, there was an authorized officer. Who did take the acknowledgement. And has identified themselves as such. We don't have that in this situation. And that is one of the anti-fraud provisions. That the court of appeals recognized as far back as 1890. As being a problem with a failure to present that for recording. And prevented it. 137 was enacted? 137, I believe, was enacted in the 60s. It had a predecessor as well. That the first department considered as far back as 1925. And that court recognized that a notary. The 25 case. The 25 case is a good case for you. But the problem is that 137 was enacted after that in 1951. And if I can go back to 137. I said there were two reasons why that doesn't. The second reason is we're not trying to invalidate the mortgage. We're trying to object to the recording of the mortgage. The recording of the mortgage is not an action by the notary. It is an action by the clerk. The mortgage, whether it's properly recorded or not. Will always remain a valid contract between the borrower and the lender. The question is whether or not. The absence of the acknowledgement does not go to the legitimacy of the promise. But to the recordability of the document. Exactly. You were aware of the document. You were aware of the mortgage. Of course, Judge. The defective recorded mortgages are recorded. They're there. You can find them. The question is whether or not the document is properly executed. In a form that meets the requirements for recording. Even if it is recorded and it does not meet those standards. It has no value from a constructive notice standpoint. That's been well established by multiple cases. I think we cited a bunch of them in our briefs. The problem is the 291 of the real property law. Is a race notice concept. And constructive notice only applies to documents that are properly recorded. Under the statute. This document as it appears in the record is not properly recorded. Whether it could have been presented as a properly recorded. Or might not have been. It doesn't matter. How does that get you? Just out of interest. If it is not properly recorded. And it has to be stricken from the record. Then it ceases to be part of the record. And the new deed that is recorded after it. Becomes the first in line conveyance of the property. The mortgage. If there is a proper copy of it. And they've presented one at the district court. Could be re-recorded. But it would be second position behind the more recently recorded deed. Forward. It moves us forward in the priority scheme as in the conveyance of the property. Without attacking the legitimacy of the other. The borrower still owes the money to the bank. Thank you very much. You've reserved I think three minutes. We'll hear from your adversary. Good morning, your honors. My name is Jeffrey Metz. With me is William Geller. We're from the firm of Adam Lightman Bailey. And we represent the Appley Wells Fargo Bank in this case. Your honors, the orders appeal from should be affirmed. I think Judge Wesley has hit every point that I wanted to make as far as this goes. You've saved ten minutes of our time. Well, listen, your honors. We know for a fact in the record. We know that there was proper acknowledgement of these documents. It's on A103, 139, and 141. Even if you don't consider that because this was a motion to dismiss. And you look at the documents in there. What you see are. What you see isn't one. You see a sort of smudge stamp. You see 2007. You see the signature. You know that it was done. He concedes that it was done. Now, here's the question. Here's the question. Where is any prejudice to this man here? He concedes that it was notarized. He concedes that it was notarized. Exactly, your honor. Where does he do that? Well, he says that. He's not challenging the validity. Judge Gershon mentioned that as well. He's telling you here. What he's saying. The county clerk made a mistake. Well, I think what he's saying. I think what he's saying is that the scan did not come through clearly enough. And because he didn't find the scan proper enough. He should jump my client and basically wipe out the mortgage. This is. Let me be clear here. You're talking about the copy of the document as opposed to the actual document. Yes, your honor. The actual document. There is no dispute that the actual documents were properly notarized. And as Judge Gershon found. Even if there was some issue. With respect to the seam of the consolidated mortgage. The tax affidavit that was contemporaneously executed. Did have that information. So what we have here is basically. What I think Mr. Plotch is arguing. What he's arguing is that he doesn't want any liability for the existing first mortgage. And he wants to get out under the strictures of 339Z of the real property law. Which says that if you take at a common charge foreclosure. You are second in line. So he wants to get out of that. That's very clear. Second thing is. Is that this is again. An exaltation of form over substance. It's not my client. My client cannot be held chargeable. I think. Because a scan of a properly recorded document. Did not show up clearly. And also because we know here. We know from Mr. Plotch's history. Just a matter of fact. Second case that I've had against him. Where he's tried to get out of the existing first mortgage. Now if. Your honor. Just on a policy basis. If you gave any credence to what this gentleman said. Then you could have a race. As you mentioned. You could have a race down to the county clerk's office. To start seeing whether a notary stamp was smudged. And then you could start challenging it. You would open up the floodgates to litigation. To try to avoid debts that are very clear on the record. So your honors. If there are no further questions. I'll be happy to rest on the brief. Thank you very much. What do you say to his proposition. That he is a purchaser in good faith. Notwithstanding his awareness of the valid mortgage. Well, I think he can call himself a purchaser in good faith. But he was aware of it. He had constructive knowledge of it. He's trying to find a way to get out from that exact constructive knowledge that he had. Your honor. By challenging the stamp. As a matter of fact. As 137. 137. I think. I may be reading it incorrectly. Your honors. But I think on the 137. You don't even have to have the stamp there. It's if you have a proper notary. An official act that he doesn't follow. Doesn't invalidate. Doesn't invalidate the underlying instrument. If he were. If he. Let's say it had never been recorded at all. But he was aware of the mortgage. If he was. If he admitted his awareness of the mortgage. And it was unrecorded. What would his circumstance be then? Well, that's an interesting hypothetical. I'm not quite sure what the answer is to that. Although I do know in terms of a practical reality. There is a lot of case law. Most of it is cited in his brief. That if it's not acknowledged at all. He could not be held responsible for it. But that's not this case. This case. There's no dispute that it was acknowledged. And the only issue. Actually, I don't even think it's an issue. The only claim that he's making. Is that there was a smudge on the notary stamp. That he couldn't read. What were the pages that you cited again? Your honors, it's page 103. That's the signature page on the 2005 gap mortgage. 139. Signature page on the consolidated mortgage. And 141. The signature page on the SEMA. All in the 2005. Thank you, your honor. Thank you. If I can respond to some of that. Of course. The question of if you actually knew about the mortgage before it was. Before you purchased the property. We put you in an actual knowledge situation. Yes. We don't know of any. We have no knowledge outside of the written record. The county clerk's records. Of the mortgage itself. You did have knowledge of the mortgage. What we saw was the defectively recorded mortgage in the county clerk's record. Not a defective mortgage. No. We saw a defective mortgage. The one missing the notary stamp. That's what's in the county clerk's records. That's what we're bound by. Did you see the original or did you see the scan? We supplied to the district court both an official copy. With the county clerk's embossed seal on it. I have a question. Did you see the original or did you see the scan? We saw the scan and we also purchased the copy. Which one binds? The original or the scan? The original. No. The binding copy is what is recorded. What was filed? Whatever the records are. Did you go and look exactly what was on file in the library? The files are maintained digitally at this point, Judge. If there is something wrong with the technology, you think that affects the legitimacy of a mortgage? No. That affects whether or not the mortgage is properly recorded in the records. Did you look at the original? We don't have access to the original. It was in their private files. Did you ask for it? No. Why not? Let me ask you this. If the original bears the stamp and it's legible, is your case over? If the recorded copy . . . So that the illegibility comes from the process of the recording as opposed to the process of the execution? Our case would remain valid. Really? Yes. Therefore, because a county clerk adopts a technology that causes a smudge, that affects the legitimacy of a recorded mortgage? Is that your answer? This is not a smudge. This is the complete absence of the information. Okay. Fair enough. Your position is that if you establish your interest before a mortgage that you have full awareness of is recorded, you are prior to that? You're in good faith as prior to the mortgage that you are aware of, and your purpose is to try to sneak ahead of it by getting in there before it's recorded. You're a purchaser in good faith who has priority over the unrecorded, at the time, unrecorded mortgage that you were fully aware of. We have constructive notice only of the documents that are properly recorded. If the document is not properly recorded, the fact that we . . . We're not talking just about constructive notice. You had actual notice. No. You had actual notice of a document which you say was improperly recorded because of the smudge. We have actual notice of the recorded document as it is recorded. The document only creates knowledge and only can create knowledge on our part to the extent that it is properly recorded. If it is not properly recorded, it does not count as knowledge. We don't get anything, and we aren't charged with knowledge. There's no distinction between one who is charged with constructive notice without having any awareness of any of these facts, just because the record creates constructive notice, as opposed to one who, like you, knows about the mortgage, has actual knowledge of the mortgage and of its having been recorded, but having been recorded with a defective notarization stamp or smudged copy of a notarization stamp. Yes. Because the way the Recording Act works and the cases that have been interpreting it for well over a century, the only knowledge that you are charged with is the knowledge that you gain from a properly recorded document. If the document should not be in the record as it exists in the record, then it does not create knowledge on your part from a legal standpoint. And it doesn't—you are excused from the knowledge that you actually have. You're treated as a person who knows nothing but is chargeable with what's in the record. No. We are treated the same as a person who would have constructive knowledge of the documents that are recorded. The issue here is that because the document is not properly recorded, nobody can be charged with knowledge of that document. The fact that you learn about a document that is in the record but is not allowed to be in the record does not create legal knowledge that you are chargeable with. That is where the argument stands. The document that you say is inadequate, where is that in the record? What page? Just tell me. We can look at A289. Okay. We can look at A320. And what do you make of the document at page A103, the acknowledgement with regard to the mortgage executed on June 2, 2005? I won't ask anything after this. Sorry. That's fine. It is a document that, A, is not a public document. B, was not referenced anywhere in the contents. What page is this? A103. Okay. It is not referenced anywhere in the proposed complaint in this case. Okay. And, therefore, it is not relevant and cannot even be considered on a motion to dismiss. But because it is not a public document, it doesn't bind anybody other than the parties to that specific agreement. I take it you say that this is not recorded. That's not the recorded mortgage. The recorded mortgages were on the pages that I referenced, 320 and 289. Got it. If there's nothing further. Thank you. We'll reserve the decision.